ABLE ABLEMAN *vs.* GEORGE W. SHORT.

EJECTMENT—RECOVERY—TITLE.

The plaintiff in an action of ejectment must recover, if at all, on the strength of his own title, without regard to the strength or weakness of the title of the defendant.

(*April* 14, 1915.)

Judges RICE and HEISEL sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Charles W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1915.

Ejectment by Able Ableman against George W. Short. Verdict for plaintiff.

ACTION OF EJECTMENT (No· 14, April Term, 1914). At the conclusion of plaintiff's testimony, counsel for defendant moved for a nonsuit because the plaintiff had not sufficiently identified the twenty acres of land in question as having passed under the deed.

HEISEL, J.:—We think there is sufficient evidence to go to the jury on that point, and refuse the motion for a nonsuit.

HEISEL, J., charging the jury:

Gentlemen of the jury:—This is an action of ejectment, the question involved being the title to about twenty acres of land situate in Dagsboro Hundred, this county.

The plaintiff claims the land in question is a part of a larger tract which was conveyed to him by Mary E. Burton and J. J. Burton by deed dated the eighth day of March, A. D. 1912.

It is admitted that the title of the land in question was at one time in one Benjamin Newton; that after his death, upon execution issued against his administrator, a tract of land in Dagsboro Hundred containing ninety acres, more or less, was sold by the then sheriff, John H. Truitt, as the land of Benjamin Newton, to John J. Burton; and by various deeds containing practically the same description to Able Abelman, the plaintiff.

Plaintiff claims that the disputed tract of twenty acres is a part of the ninety acres above mentioned. This claim the defendant denies, and contends that it is not a part of said ninety acres, and further claims that, even though it is a part of the tract of ninety acres, yet he is entitled to it, by reason of twenty years' adverse possession.

We say to you, gentlemen, that the adverse possession of the defendant, if any, did not begin until the date of the sheriff's deed, which was in May, 1893, and as this suit was brought to the April Term, 1912, sufficient time had not elapsed to defeat the plaintiff's title, if any, to the land in question; for that reason, therefore, the only question for your determination is, whether or not the tract of twenty acres was a part of the tract of ninety acres described in the sheriff's deed.

In determining this question you are to be guided by the evidence given from the witness stand, and the books and papers introduced as evidence in the case.

If from these you are satisfied that the twenty acres in question were a part of the larger tract of ninety acres described in the sheriff's deed, your verdict should be in favor of the plaintiff; on the other hand, if you should not be so satisfied, you should find for the defendant.

A plaintiff in an action of ejectment must recover, if at all, on the strength of his own title, without regard to the strength or weakness of the title of the defendant.

In this case, if you should find that the twenty acres were a part of the ninety acres described in the sheriff's deed, your verdict should be:

"We find that the defendant is guilty of the trespass and ejectment in the plaintiff's declaration mentioned."

If you find the twenty acres was not a part of the ninety acres described in the sheriff's deed, your verdict should be:

"We find that the defendant is not guilty of the trespass in the plaintiff's declaration mentioned."

Verdict: We find the defendant guilty of the trespass in the plaintiff's declaration mentioned.